IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TASHAUN DESANIC WALTON,

    Defendant.

Case No. 5:14-CR-40101-02

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Tashaun Desanic Walton's Motion for Expungement of her conviction (Doc. 68). On November 3, 2014, Defendant pled guilty to one count of Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2.[1] This Court sentenced her to 24 months' imprisonment and three years of supervised release, and ordered her to pay restitution in the amount of $691.00, along with the mandatory special assessment of $100.00.[2] The Government later moved to amend the judgment by increasing the amount of restitution to $867.56, which the Court granted on February 24, 2015.[3] After release from custody, Defendant moved for early termination of supervised release, which the Court granted on May 10, 2018.[4] Defendant now seeks expungement of her conviction, citing her work as a Youth Care Lead in Topeka, but noting her difficulty finding employment with a felony record. She asserts that, if her request is considered, she will provide the Court with many letters of recommendation on her behalf.

---

[1] Doc. 30.

[2] Doc. 38.

[3] Doc. 49.

[4] Doc. 64.

The Tenth Circuit has held that there is no general statutory authority for a district court to issue an order expunging a conviction.[5] However, federal courts have equitable powers to expunge a conviction, but only when there is a finding that the conviction was "unconstitutional, illegal, or obtained through government misconduct."[6] Here, "there is no allegation that the conviction was in any way improper."[7] Defendant instead seeks expungement because she wishes to help others, and hopes to be seen for herself, rather than as a statistic. The Court commends Defendant for her efforts, and agrees with her that she is more than her past. However, the Court is simply without power to grant her the relief she requests.[8]

The Court notes that there is a procedure to seek a Presidential pardon through an application with the United States Department of Justice.[9] Such pardons are rarely granted, and the Court expresses no opinion on the appropriateness or availability of such a remedy in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Tashaun Desanic Walton's Motion for Expungement (Doc. 68) is **denied**.

**IT IS SO ORDERED.**

Dated: July 29, 2024

---

[5] *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)). This general rule is subject to a few narrow exceptions "for first-time drug offenders," none of which apply here. *See id.* at 1070 n.1 (citing to statutory authority for expunction of convictions under 21 U.S.C. § 844(b)(1) and 18 U.S.C. § 3607).

[6] *See Pinto*, 1 F.3d at 1070 (citing *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir. 1977)).

[7] *See id.*

[8] *See United States v. Green*, No. 90-20012-02-JWL, 2007 WL 2316920, at *1 (D. Kan. Aug. 8, 2007) (following *Pinto* to find that the court lacked authority to expunge a criminal conviction that has not been invalidated); *United States v. Nedelcu*, No. 2:05-CR-330 TS, 2011 WL 2972077, at *2 (D. Utah July 20, 2011) (same).

[9] *See*, *e.g.*, information at www.justice.gov/pardon/apply-pardon

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
